UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
────────────────────────────────────────

**DIANE ROBINSON,**

              **Plaintiff,**

   V.                                            **12-cv-0697**

**PETER GOULET,**

              **Defendant.**

────────────────────────────────────────

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

### I.   INTRODUCTION

Plaintiff commenced this action alleging that Defendant took adverse employment actions against her based on race, color and gender, and retaliated against her, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). Defendant moves to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Dkt. # 10. Plaintiff has not responded to the motion. For the reasons that follow, the motion is granted and the action is dismissed.

### II.   BACKGROUND

Plaintiff is an employee at the Saratoga Race Course ("Race Course") in Saratoga Springs, New York, which is operated by The New York Racing Association, Inc. ("NYRA"). On August 1, 2011, Plaintiff filed with the Buffalo Local Office of the Equal

1

Employment Opportunities Commission ("EEOC") a charge of employment discrimination against NYRA under Title VII ("the EEOC charge"). The EEOC charge did not name as a respondent the Defendant, Peter Goulet, who is the Facilities Manager at the Race Course. Following a review of the EEOC charge, the EEOC mailed Plaintiff and carbon copied NYRA a "Dismissal and Notice of Rights" letter. The letter advised that the EEOC closed Plaintiff's file because it was "unable to conclude that the information obtained establishes violations of statutes." The letter also contained a "NOTICE OF SUIT RIGHTS" that states, in relevant part, as follows:

> You may file a lawsuit against the respondent(s) under federal law based on this charge in federal court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.

(emphasis in original).

On April 27, 2012, Plaintiff commenced the instant action against the Defendant by filing a pro se form "Civil Complaint Pursuant to Title VII of the Civil Rights Act, as Amended" ("the Complaint"). In contrast to the EEOC charge, the Complaint does not name NYRA as a party in the present action.

In the Complaint, Plaintiff checked lines alleging that Defendant's conduct was discriminatory with respect to "race or color" and "sex (or sexual harassment)." Also, Plaintiff checked lines alleging that the conduct complained of involved "[u]nequal terms and conditions of employment," "reduction in wages," and "retaliation." The Complaint contains a brief factual recitation that alleges adverse employment actions taken against Plaintiff by Defendant based on race and gender and in retaliation for "turning him in for having an affair with one of the women who worked [at the Race Course]." Elsewhere in

2

Plaintiff's filing she indicates that the person to whom she reported Defendant's affair was an individual who did human resources work for NYRA.

Plaintiff sets forth three causes of action in the Complaint. The First Cause of Action alleges disparate treatment by Defendant based on Plaintiff's gender and race by reducing her work hours and depriving her of the opportunity for overtime.  The Second Cause of Action alleges that Defendant "yelled and cursed" at Plaintiff because of her race and gender, and because she "file[d] a complaint on him."  The Third Cause of Action alleges that Defendant gave preferential treatment to his alleged paramour and her friends.

Defendant now moves to dismiss the Complaint in its entirety under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim.

**IV.   DISCUSSION**

The Court starts by noting that Plaintiff's failure to respond to the pending motion does not preclude the Court from its disposition without the benefit of her submission. See, e.g., White v. Mitchell, No. 99-CV-8519, 2001 WL 64756, at *1 (E.D.N.Y. Jan. 18, 2001).  Such a motion to dismiss tests the legal sufficiency of Plaintiff's complaint; accordingly, since Plaintiff has been afforded a reasonable opportunity to respond to the motion but has failed to avail herself of that chance, the Court can now determine the complaint's sufficiency as a matter of law based on its own reading of the complaint and knowledge of the case law. McCall v. Pataki, 232 F.3d 321, 322-23 (2d Cir. 2000).  It should be noted, however, that Plaintiff's failure to respond in opposition to the pending motion is not without significance; under this court's Local Rules, a party's failure to respond to a properly filed motion can constitute consent to the granting of that motion, so

3

long as the court determines that the moving party has met its burden demonstrating entitlement to the relief requested. N.D.N.Y.L.R. 7.1(b)(3); see also McCall, 232 F.3d at 322-23 (holding that plaintiff's failure to respond to motion to dismiss in and of itself could not constitute basis for dismissal if plaintiff's complaint stated a claim for relief); White, 2001 WL 64756, at n. 2 (citing McCall).

The Court now turns to the merits of the motion. In the Second Circuit, "individuals are not subject to liability under Title VII." Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000) (*per curiam*); see Tomka v. Seiler Corp., 66 F.3d 1295, 1314 (2d Cir. 1995) *abrogated on other grounds*, Burlington Indus. v. Ellerth, 524 U.S. 742 (1998). Consequently, individuals may not be sued under Title VII even in their capacities as supervisors. See Mandall v. Cnty. of Suffolk, 316 F.3d 368, 371 (2d Cir. 2003) ("[T]he district court's dismissal of plaintiff's Title VII claims against Gallagher in his personal capacity must be affirmed because under Title VII individual supervisors are not subject to liability."); Hawkins v. Cnty. of Oneida, N.Y., 497 F. Supp. 2d 362, 371 (N.D.N.Y. 2007) (holding in Title VII action that plaintiff was prohibited from naming individual defendants in their official capacities); Bottge v. Suburban Propane, 77 F. Supp.2d 310, 313 (N.D.N.Y. 1999) (dismissing Title VII claim as against individuals in their official capacities).

Because individuals may not be sued under Title VII, and because Plaintiff has named only an individual as a defendant in this action, the motion is granted and the action is dismissed. The Court finds no need to reach the other aspect of Defendant's motion.

4

### V. CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss this action [dkt. # 10] is **GRANTED** and the action is **DISMISSED** in its entirety.

**IT IS SO ORDERED**

**Dated:** August 13, 2012

_____
Thomas J. McAvoy
Senior, U.S. District Judge